IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ROBERT W. STRAUSS,**  3:16-CV-00852-BR

    **Plaintiff,**  OPINION AND ORDER

v.

**NANCY A. BERRYHILL,**[1]
**Acting Commissioner, Social**
**Security Administration,**

    **Defendant.**

**LISA R. J. PORTER**
JP Law P.C.
5200 S.W. Meadows Rd
Suite 150
Lake Oswego, OR 97035
(503) 245-6309

    Attorney for Plaintiff

---

[1] On January 23, 2017, Nancy A. Berryhill was appointed Acting Commissioner of the Social Security Administration and pursuant to Federal Rule of Civil Procedure 25(d) is substituted as Plaintiff in this action.

1 - OPINION AND ORDER

**BILLY J. WILLIAMS**
United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**MARTHA A. BODEN**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/A 221A
Seattle, WA 98104
(206) 615-3710

      Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Robert W. Strauss seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for DIB on May 23, 2012,

alleging a disability onset date of August 31, 2010.  Tr. 179.[2]
The application was denied initially and on reconsideration.  An
Administrative Law Judge (ALJ) held a hearing on October 6, 2014.
Tr. 36-65.  Plaintiff was represented at the hearing.  Plaintiff
and a vocational expert (VE) testified.

The ALJ issued a decision on November 10, 2014, in which he
found Plaintiff is not disabled and, therefore, is not entitled
to benefits.  Tr. 19-35.  Pursuant to 20 C.F.R. § 404.984(d),
that decision became the final decision of the Commissioner on
March 29, 2016, when the Appeals Council denied Plaintiff's
request for review.  Tr. 1-4.  *See Sims v. Apfel*, 530 U.S. 103,
106-07 (2000).


## BACKGROUND

Plaintiff was born on January 26, 1957, and was 57 years old
at the time of the hearing.  Tr. 135.  Plaintiff completed high
school and has "some college."  Tr. 53.  Plaintiff has past
relevant work experience as a branch manager, computer salesman,
sales manager, chief executive officer, and recruiter.  Tr. 30.

Plaintiff alleges disability due to chronic, severe pain in
his left leg; memory problems; and right-foot arthritis.
Tr. 183.

---

[2] Citations to the official transcript of record filed by
the Commissioner on September 23, 2016, are referred to as "Tr."

3 - OPINION AND ORDER

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 22-23, 26-29.

**STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as

adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir.

5 - OPINION AND ORDER

2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A

'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1).

**ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff had not engaged in substantial gainful activity from his August 31, 2010, alleged onset date through May 24, 2013, but Plaintiff has engaged in substantial gainful activity since May 24, 2013. Tr. 21. Accordingly, the ALJ evaluated only a closed period of alleged disability from August 31, 2010, through May 24, 2013. Tr. 22.

At Step Two the ALJ found Plaintiff had the severe impairments of reflex-sympathetic dystrophy syndrome (RSD) of the left leg and osteoporosis during the relevant period. Tr. 22. The ALJ found Plaintiff's "hand conditions," kidney stones, a renal cyst, hypertension, diabetes, depression, and anxiety were nonsevere. Tr. 23-24.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments during the relevant period did not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 25. The ALJ found during the relevant period Plaintiff had the RFC to perform "light work . . . with exceptions" and that Plaintiff could frequently lift 10 pounds; could stand and walk "15 minutes maximum at a time for a total of two hours in an eight-hour workday"; could sit "30 minutes at a time with no limitation overall"; and could occasionally climb, balance, stoop, kneel, crawl, and crouch. Tr. 54.

8 - OPINION AND ORDER

At Step Four the ALJ found during the relevant period Plaintiff could perform his past relevant work.  Tr. 30.

At Step Five the ALJ found, in the alternative, that during the relevant period Plaintiff could have performed jobs that existed in significant numbers in the national economy.  Tr. 30.  Accordingly, the ALJ found Plaintiff was not disabled from August 31, 2010, through May 24, 2013.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) partially rejected Plaintiff's testimony; (2) gave "limited weight" to the testimony of Plaintiff's daughter, Nicole Strauss; (3) gave "little weight" to the opinion of Plaintiff's treating physician, Gregg Coodley, M.D.; and (4) failed to incorporate all of Plaintiff's limitations into his evaluation of Plaintiff's RFC.

**I. The ALJ did not err when he partially rejected Plaintiff's testimony.**

Plaintiff alleges the ALJ erred when he failed to provide clear and convincing reasons for partially rejecting Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to

9 - OPINION AND ORDER

produce some degree of symptom.  *Cotton*, 799 F.2d 1403 (9th Cir. 1986), *aff'd in Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity.  *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

At the October 2014 hearing Plaintiff testified he has been working since May 2013 for four or five hours per day, four days per week at a Samsung Experience shop inside a Best Buy.  Tr. 44-45.  Plaintiff stated he stands behind a desk, greets customers, informs customers about new products, and troubleshoots.  Plaintiff, however, stated he "forget[]s more than he remember[s] on this stuff."  Tr. 45.  Plaintiff stated he stands for his entire work shift if he is working alone, but he sits down as often as he can.  Plaintiff also testified he developed arthritis in his hands after 2010.  Plaintiff had surgery on his left hand

in 2009 and his right hand in 2013. The pain in his left hand has subsided, but his right hand is not as strong as it was before the surgery. Plaintiff stated he also has had worsening problems with kidney stones since 2010. Plaintiff was put on medication for his kidney problems, but was taken off the medication "a few months back" and those issues seem to have resolved themselves. Plaintiff noted, however, he still has issues with "urgency" that cause him to have to leave his work booth suddenly two or three times per week. Plaintiff testified his leg pain has also increased since 2010. Plaintiff stated "all day long I feel like my leg is on fire. . . . By standing on my leg . . . all day long now - as soon as I get home the only thing I . . . can do is lay down and put my leg up." Tr. 58. Plaintiff stated he can stand for approximately an hour before his leg starts to swell and becomes painful. Plaintiff noted the medication he takes for his leg pain causes him to have problems with his memory and attention span.

    The ALJ found Plaintiff's "medically determinable impairments could reasonably have been expected to cause the alleged symptoms" during the relevant period, but Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible." Tr. 26. The ALJ noted throughout the relevant period, including December 2010 and February, March, April, and May 2011, Dr. Coodley reported

11 - OPINION AND ORDER

Plaintiff was doing well overall and his leg pain was stable. In January 2012 Plaintiff stated he was able to decrease his methadone by one pill per day. Tr 546. Although Plaintiff reported his leg pain was worse with the cold weather in February 2012, Dr. Coodley noted Plaintiff was on a stable regimen for his leg pain. Tr. 554. In December 2012 Plaintiff reported having stable leg pain exacerbated only by the weather. The ALJ also noted Plaintiff reported an increase in his symptoms after the relevant period even though Plaintiff has been able to work at an SGA level for more than a year. In May 2013 Plaintiff reported he was having breakthrough leg pain after standing for eight to nine hours. In July 2013 Plaintiff was working nine hours a day and standing on his feet for much of that time.

The record reflects Kim Webster, M.D., conducted a comprehensive musculoskeletal evaluation of Plaintiff in December 2012. Dr. Webster noted Plaintiff had a "hyper-exaggerated limp using a cane. He has constant pain behavior with poor effort." Tr. 279. Although Dr. Webster noted Plaintiff could not balance on his left leg, she stated "this seemed to be very exaggerated." Tr. 280. Dr. Webster reported Plaintiff had a "very odd stiff-legged, very laborious walk that really made no sense in terms of having one leg hurting." Tr. 280. Dr. Webster diagnosed Plaintiff with left-leg pain "with an examination that suggests that the pain is highly exaggerated." Tr. 282. Dr. Webster

found there was not any objective evidence to limit Plaintiff from standing or walking, but she limited him to standing and walking for two hours due to his various surgeries.

On this record the Court finds the ALJ did not err when he partially rejected Plaintiff's testimony because the ALJ provided clear and convincing reasons supported by substantial evidence in the record for doing so.

**II. The ALJ did not err when he gave limited weight to the lay-witness statement of Nicole Strauss.**

Plaintiff asserts the ALJ erred when he gave limited weight to the lay-witness statement of Plaintiff's daughter, Nicole Strauss.

Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). *See also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ, in determining a claimant's disability, must give full consideration to the testimony of friends and family members."). The ALJ's reasons for rejecting lay-witness testimony must also be "specific." *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006). When "the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude

13 - OPINION AND ORDER

that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout*, 454 F.3d at 1056.

On August 31, 2014, Nicole Strauss completed a letter in which she noted Plaintiff has been disabled for his "whole life." Tr. 233. Nicole Strauss stated she "always [had] to be aware of [Plaintiff's] physical limitations," and his inability to stand or to walk for long periods. Nicole Strauss also stated Plaintiff's pain caused his memory to become "spotty," and she has to remind him about things "that he should have remembered." Tr. 233.

The ALJ gave limited weight to Nicole Strauss's statement. Although Nicole Strauss stated Plaintiff has always been disabled, the ALJ noted the record reflects Plaintiff worked in the past at a substantial gainful level and has been working since May 2013 at a substantial gainful level.

On this record the Court concludes the ALJ did not err when he gave limited weight to Nicole Strauss's letter because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

**III. The ALJ did not err when he gave little weight to Dr. Coodley's opinions.**

Plaintiff asserts the ALJ erred when he gave little weight to Dr. Coodley's May 2012 chart note and September 2014 questionnaire.

14 - OPINION AND ORDER

An ALJ may reject a treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."  *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of a treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1996).

On May 25, 2012, Dr. Cooley reported in his chart notes that Plaintiff's RSD "makes it impossible for him to stand for extended intervals" and Plaintiff's pain medication "ma[y] have a negative impact on his ability to concentrate and persist in any work."  Tr. 415.

On September 9, 2014, Dr. Coodley completed a questionnaire in which he noted Plaintiff suffered from RSD.  Dr. Coodley stated it "is reasonable to expect that [Plaintiff] would experience substantial difficulty with stamina [and] pain or fatigue if . . . he worked . . . eight hours a day at a sedentary or light level of exertion."  Tr. 655.  Dr. Coodley also opined Plaintiff would need "to work at a reduced work pace if [he was] employed . . . eight hours a day at a light or sedentary level."

15 - OPINION AND ORDER

Tr. 655. Dr. Coodley noted Plaintiff suffered from anxiety and depression that would frequently interfere with his attention and concentration, but he concluded Plaintiff could handle "moderate work stress." Tr. 656. Dr. Coodley opined Plaintiff could stand and walk less than two hours in an eight-hour work day and sit for less than two hours in an eight-hour work day. Tr. 657. Finally, Dr. Coodley noted Plaintiff would likely be absent from work four or more times per month. Tr. 659.

The ALJ found Dr. Coodley's opinions as to Plaintiff's ability to stand and to walk were "adequately represented in the [RFC]." The ALJ, however, found Dr. Coodley's opinion regarding Plaintiff's other limitations are inconsistent with his own treatment records, Dr. Webster's consultative examination, and Plaintiff's activities of daily living. As noted, Plaintiff was able to work at substantial gainful levels at the time that Dr. Coodley issued his September 2014 opinion, and Plaintiff did not miss four or more days of work per month at that time. Plaintiff was also able to stand for more than two hours at a time in an eight-hour work day, and he did not experience serious problems with concentration or attention. In addition, Dr. Webster found Plaintiff's pain to be highly exaggerated. Although Dr. Webster opined there was not any objective evidence of limitations in Plaintiff's ability to stand or to walk, he, nevertheless, limited Plaintiff to standing and/or walking for

16 - OPINION AND ORDER

two hours in an eight-hour work day.  Dr. Webster did not find any limitations on Plaintiff's ability to sit in an eight-hour work day.

The Court concludes on this record that the ALJ did not err when he gave little weight to the opinions of Dr. Coodley because he provided clear and convincing reasons supported by substantial evidence in the record for doing so.

**IV. The ALJ did not err in his assessment of Plaintiff's RFC.**

Plaintiff asserts the ALJ erred when he failed to include all of the limitations identified by Plaintiff, Nicole Strauss, and Dr. Coodley in Plaintiff's RFC.

The Court has already concluded the ALJ did not err when he rejected portions of Plaintiff's alleged limitations asserted by Plaintiff, Nicole Strauss, and Dr. Coodley.  On this record, therefore, the Court also concludes ALJ did not err when he failed to include those limitations in Plaintiff's RFC.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the

Commissioner and **DISMISSES** this matter.

    IT IS SO ORDERED.

    DATED this 17th day of April, 2017.

/s/ Anna J. Brown

ANNA J. BROWN  
United States District Judge